IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathan Lee Freeman, | C/A No. 1:18-2771-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew M. Saul, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On August 27, 2019, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 17. On September 3, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on September 17, 2019. ECF Nos. 18, 19. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB on July 19, 2017, alleging that he had been disabled since April 29, 2016.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 24, 2018.  The ALJ denied Plaintiff's claims in a decision issued on June 13, 2018.  The

Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming that the Magistrate Judge erred in finding that the ALJ adequately considered Plaintiff's moderate limitations in concentration, persistence, or pace in assessing his residual functional capacity ("RFC"). For the reasons detailed below, this Court denies Plaintiff's objections and adopts the Report's recommendations.

Plaintiff relies on the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In that case, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). However, the court recognized that an ALJ might find that a claimant's moderate limitations in concentration, persistence, or pace do not affect his ability to work. *See id.* *Mascio* simply requires the ALJ to explain those findings rather than restricting a hypothetical to simple, routine tasks or unskilled work. *Id.*

Here, the Court agrees with the Magistrate Judge that the ALJ adequately explained her assessment of moderate limitations in concentration, persistence, or pace. The ALJ found that Plaintiff has moderate limitations in concentration, persistence, or

3

pace, and limited Plaintiff to "simple, routine tasks performed for two hours at a time." R.

16–17. In support of this RFC, the ALJ found:

> [T]he [Plaintiff] is able to respond appropriately to changes in the work setting in the context of simple, routine tasks. He retains the ability to remember locations and work-like procedures. He is able to understand, remember and carry out simple, routine tasks in two-hour increments, but due to moderate limitation[s] in concentrating, persisting, or maintaining pace and moderate limitation[s] in understanding, remembering, or applying information, he cannot understand, remember and carry out detailed or complex instructions. He can attend to and perform simple tasks without special supervision for at least two-hour periods. He is able to understand normal work-hour requirements and to be prompt within reasonable limits. He is able to work in coordination with or proximity to others without being unduly distracted. He retains the ability to make simple, work-related decisions. His symptoms would not interfere with satisfactory completion of a normal workday or workweek or require an unreasonable number of rest or cooling off periods.
>
> He has the capacity to ask simple questions and request assistance from peers or supervisors. With only mild limitation[s] in interacting with others, he is not limited in interaction with the public, coworkers and supervisors. He is able to follow basic instructions from supervisors and could change appropriately in response to feedback from supervisors. He is able to sustain appropriate interaction with peers and coworkers without interference in work. He would not be off task during the workday other than during regular breaks. He is able to sustain socially appropriate work behavior, standard and appearance. He would be able to respond appropriately to changes in a routine work setting. He can be aware of personal safety and avoid work hazards. He can travel to and from work using available transportation. He has the capacity to set realistic goals.

R. 18–19. The Magistrate Judge comprehensively outlines the evidence the ALJ used to support this RFC assessment in the Report and the Court incorporates that discussion by reference herein. *See* ECF No. 17 at 40–42. Accordingly, the the Court overrules Plaintiff's objections, adopts the Report, and affirms the decision of the Commissioner.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

4

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 10, 2020
Spartanburg, South Carolina